NOT DESIGNATED FOR PUBLICATION

No. 123,746

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

RICO J. BROWN SR.,
*Appellant*,

v.

STATE OF KANSAS,
*Appellee*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; DAVID J. KAUFMAN, judge. Opinion filed January 21, 2022. Affirmed.

*Kristen B. Patty*, of Wichita, for appellant.

*Kristi D. Allen*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before SCHROEDER, P.J., BRUNS and WARNER, JJ.

PER CURIAM:  Rico J. Brown Sr. timely appeals from the district court's denial of his K.S.A. 2017 Supp. 60-1507 motion. Brown argues the district court erred in finding he was not entitled to relief based on his trial counsel's advice on whether he should testify at trial. Based on our extensive review of the record, we find no error in the district court's decision. Therefore, we affirm.

1

## FACTUAL AND PROCEDURAL BACKGROUND

Relevant to the issues on appeal, Brown was convicted in 2014 of aggravated human trafficking, promoting the sale of sexual relations, battery, and violation of a protective order. The district court sentenced him to a total controlling term of 258 months' imprisonment. His convictions and sentence were affirmed on direct appeal. *State v. Brown*, No. 113,212, 2016 WL 6910080, at *1 (Kan. App. 2016) (unpublished opinion).

Brown timely filed a K.S.A. 60-1507 motion, asserting he was never properly advised of his right to testify at trial. The district court summarily denied Brown's motion, finding his claims conclusory. Brown appealed, and another panel of this court remanded the matter for an evidentiary hearing to determine "whether Brown's counsel failed to advise him about his right to testify and whether Brown waived that right." *Brown v. State*, No. 119,657, 2019 WL 3242417, at *2 (Kan. App. 2019) (unpublished opinion).

On remand, Brown testified he was very adamant he wanted to testify at trial, but his attorney never discussed the pros and cons of testifying, and no one ever explained to him he had the right to testify. In contrast, Brown's trial attorney, Crystal Krier, testified she discussed the possibility of Brown testifying at trial when they first met. Krier advised Brown he had the right to testify at trial but also had the right not to testify. No one could force him either way; the choice was his alone. According to Krier, Brown was strongly opposed to testifying at trial based on concerns over other matters that may have come up. Krier said if Brown had wanted to testify, then she would have fully prepared him to do so and likely would have brought in another attorney to practice cross-examination. Even so, Krier had worked with Brown to some extent to prepare him to testify in case he changed his mind. However, Brown's stance never changed, and he did not at any time express to Krier a desire to testify at trial.

The district court found Krier's testimony credible and explicitly found Brown's testimony was not credible. In support of its findings, the district court pointed to Brown's pro se motion for new trial filed in 2014 wherein he claimed he decided not to testify at trial based on Krier's advice. The district court found this was contrary to Brown's testimony at the evidentiary hearing because it necessarily demonstrated he had, in fact, discussed with his attorney whether he should testify at trial.

The district court denied Brown any relief.

ANALYSIS

*Standard of Review*

After a full evidentiary hearing on a K.S.A. 60-1507 motion, the district court must issue findings of fact and conclusions of law concerning all issues presented. Supreme Court Rule 183(j) (2021 Kan. S. Ct. R. 239). An appellate court reviews the district court's findings of fact to determine whether they are supported by substantial competent evidence and are sufficient to support the district court's conclusions of law. Appellate review of the district court's ultimate conclusions of law is de novo. *Fuller v. State*, 303 Kan. 478, 485, 363 P.3d 373 (2015).

*Discussion*

On appeal, Brown asserts his counsel did not adequately discuss with him the pros and cons of testifying and whether his testimony could have allowed him to present additional exculpatory evidence. Specifically, Brown asserts he received a letter from one of the women involved in the sex-for-hire scheme underlying his convictions, claiming she was drunk and angry with him at the time she accused him of the crimes but had fabricated the allegations and knew he was actually innocent. Brown claims the only way

he could have introduced the letter into evidence at trial was through his own testimony because his trial attorney could not, or would not, locate the woman who wrote the letter as a potential defense witness.

This is a factual issue beyond the scope of the mandate remanding for an evidentiary hearing. See *Brown*, 2019 WL 3242417, at *2. It was also not fairly presented to the district court at the evidentiary hearing. At best, there was some discussion during Brown's testimony that he told Krier he had letters from one or more of the women involved. But the purported contents of the letter(s) were never explained in meaningful detail, nor was any such letter introduced into evidence. Regardless, the district court made explicit factual and credibility findings fatal to Brown's argument on appeal. The district court found Krier's testimony credible as its factual findings were consistent with her testimony, and the district court found Brown was aware of his right to testify based on the advice Krier had given him.

The district court's findings are properly supported by substantial competent evidence. The district court soundly reasoned the claim in Brown's timely motion for new trial—he decided not to testify based on his discussions with Krier—was contrary to his present claim he was never advised of his right to testify. We do not determine credibility or weigh conflicting evidence. See *State v. Adams*, 297 Kan. 665, 670, 304 P.3d 311 (2013). The district court resolved conflicts between Brown's testimony and Krier's as well as conflicts between Brown's testimony and the assertions in his motion for new trial. The district court competently explained the basis for its factual findings and credibility determinations. It also offered the parties an opportunity to request any additional findings, which the parties declined.

Based on the record before us, we find no error in the district court's determination Brown was aware he had the right to testify at trial and chose not to. Accordingly, we affirm the district court's denial of Brown's K.S.A. 60-1507 motion.

4

Affirmed.